**HENSHAW, Appellee,**

v.

**GREGORY L. BROWN COMPANY, INC., Appellant.**

[Cite as *Henshaw v. Gregory L. Brown Co., Inc.* (1990), 68 Ohio App.3d 264.]

Court of Appeals of Ohio,
Wayne County.

No. 2550.

Decided June 27, 1990.

*Craig R. Reynolds* and *Don L. Reynolds*, for appellee.

*Charles A. Kennedy*, for appellant.

---

REECE, Presiding Judge.

The Gregory L. Brown Company, Inc. ("Brown"), an oil and gas contractor, appeals from the judgment rendered in favor of William S. and Helen B. Henshaw following trial to the court. We affirm.

On October 6, 1987, Henshaw and Brown executed an oil and gas lease whereby Brown would endeavor to drill a producing gas well on Henshaw's eighty-three-acre farm. Brown successfully drilled the well in November 1987. By the terms of the lease, Brown was required to restore the land surrounding the well site within sixty days after completion of the well, weather permitting. Brown also agreed to replace and repair any drainage tile damaged in the drilling process. The land where Brown drilled the well contained subsurface drain lines of plastic and clay tile designed to remove excess water from the land, directing it into a main subsurface line, and then into a stream traversing the farm. Several of these lateral drain lines ("laterals") were damaged by Brown's drilling operations, particularly by the

installation of a "soup hole" adjacent to the well site, where water removed from the well was stored.

In March 1988, Henshaw contracted with a drain tile installer, Frederick Galehouse, to repair some of the tiles which were damaged. Henshaw presented the bill to Brown, which Brown then paid. Starting April 1, 1988, Henshaw contacted Brown weekly with regard to the soup hole and the drainage lines which had been damaged by its installation. Henshaw testified that Brown promised to be out "next week" to repair the damage and restore the land. On May 1, 1988, Henshaw planted his fields in corn, the soup hole not yet having been restored. He testified that he planted as closely as possible to the soup hole, which he estimated at thirty by one hundred fifty feet.

On May 15, 1988, Brown proceeded to restore the soup hole by digging shallow ditches with a backhoe which led into the adjacent, recently sown fields, allowing the liquid to run into the fields. Brown then regraded the area and refilled the soup hole with the topsoil originally removed. Henshaw testified that because he had already planted his crop, he could not invade the area to have the damaged tiles repaired until after harvest. In late 1988, Galehouse returned at Henshaw's request and repaired and improved the drainage tiles damaged by Brown in the soup hole area. Henshaw presented Brown with the bill for Galehouse's services twice, but it remained unpaid. Henshaw paid Galehouse himself on May 27, 1989.

On August 25, 1989, Henshaw filed a complaint against Brown in the Small Claims Division of the Wayne County Municipal Court, seeking the $666.13 he had paid to Galehouse for the soup hole lateral repairs. By motion filed September 28, 1989, Brown requested transfer to the regular docket of the civil division pursuant to R.C. 1925.10, which was granted. Brown answered the complaint on October 16, 1989, pleading several defenses. Henshaw amended his complaint on November 28, 1989, to include a cause of action for the loss of use of crop land. Brown answered the amended complaint.

The matter was tried to the court on January 10, 1990. By journal entry dated February 5, 1990, the court granted judgment in favor of Henshaw on the count for loss of crop land for $575, and in favor of Brown on the count of repairs to the soup hole laterals. Brown appeals, asserting two assignments of error.

### Assignments of Error

"I. The trial court erred by awarding plaintiff-appellee damages for lost corn crop based upon the amount plaintiff would have grossed if he had cropped the land."

"II. The trial court erred in its judgment for plaintiff-appellee for loss of use of agricultural land where plaintiff-appellee elected not to repair field tile and thereby elected not to use the land."

█ Because the assignments of error are interrelated, they are addressed together. Brown claims that the trial court erred by basing Henshaw's damages on gross revenues projected from the lost crop yield, and by granting recovery where Henshaw elected not to repair and use the crop land prior to planting.

Henshaw testified that he lost production of approximately two acres of crop land due to Brown's actions in restoring the soup hole after he had sown corn. He stated that his average yield was one hundred fifteen bushels per acre and that he had received $2.50 per bushel in 1988, and thus sustained a loss of $575 for the two acres disturbed by Brown.[1] Brown did not cross-examine Henshaw as to the amount of the loss sustained, nor did he challenge the same in his closing argument. Rather, he cross-examined Henshaw on the terms of the lease relating to Brown's duty to restore the land, and on Henshaw's judgment in choosing not to repair the laterals until after the 1988 harvest. Brown argued that the land was restored within the nine-month period contemplated by the lease.

Brown did not challenge Henshaw's alleged monetary damages for the loss of use of the crop land, but rather his judgment in waiting to repair the laterals. Brown ignored the fact that Henshaw had planted most of the two-acre parcel prior to Brown's restoration, and that it was actually this restoration which generated the loss of the crop yield. Accordingly, Brown's affirmative action actually destroyed that which Henshaw had already sown.

In this case, the trial court was also the trier of facts; we will not generally invade its province when there exists competent and credible evidence supporting factual findings. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. The court was presented with evidence of a $575 loss sustained by Henshaw, the amount of which was not contested by Brown. Accordingly, the first error assigned is not well taken.

Brown argues that Henshaw's choice not to repair the laterals prior to planting actually precipitated his loss of use of the crop land. The trial court determined that Brown's reclamation work to the well area had not been completed prior to Henshaw's planting of the adjacent fields. Brown concedes by brief to this court that Brown was obligated to complete reclamation

---

1. Henshaw's amended complaint sought $825 for loss of use of the crop land. During his testimony, he determined that the alleged loss was actually $575, and requested the court to reduce the prayer on the second cause of action accordingly.

of the well site within sixty days of completion of the well, under the terms of the lease. Brown did not complete reclamation of the site until May 15, 1989, some six months after the well had been completed. The court also determined that the loss of use of the crop land was directly occasioned by Brown's drilling operation.

 Brown argues that Henshaw was obligated under the lease to repair the damaged tiles at Brown's expense. Brown ignores the fact, however, that Brown was obligated by the lease to reclaim the land disturbed by drilling, including the soup hole. Thus, even if Henshaw had a duty to repair the laterals, with Brown to bear the expense, Brown's duty to reclaim the land was a condition precedent. Henshaw could not have repaired the soup hole laterals until Brown finished reclamation work on the area, including the filling of the soup hole. Because Brown waited until after Henshaw had planted his crop to reclaim the area, well beyond the term required by the lease, Henshaw actually mitigated any further damage by delaying lateral repairs until after harvest, thus limiting the lost crop land yield to the two acres disturbed by Brown's late reclamation efforts.

Accordingly, the second error assigned is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and CIRIGLIANO, JJ., concur.